

Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

FILED'09 JUL 24 1457USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL B. THORNBURG,<br><br>    Plaintiff,<br><br>vs.<br><br>DERRICK E. Mc GAVIC and<br><br>LVNV FUNDING LLC.,<br><br>    Defendant | Case No.: **CV'09-856--KI**<br><br>COMPLAINT<br><br>Unfair Debt Collection Practices;<br><br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Demand |

**PRELIMINARY STATEMENT**

1.  This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices.

2.  Plaintiff's claims arise from defendants attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

**JURISDICTION**

3.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

4.  Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

#28157

COMPLAINT - 1

## PARTIES

5. Plaintiff Daniel B. Thornburg is a natural person who resides in the city of Hillsboro, Washington County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant LVNV Funding LLC. (hereinafter "LVNV") is a limited liability company organized under Delaware law and does business in Oregon. Defendant LVNV principal place of business is located at 200 Meeting Street, STE 206, Charleston, SC 29401.

7. Defendant Derrick E. Mc Gavic (hereinafter, "Mc Gavic") is a natural person who operates a debt collection practice with the principal place of business at the address of 1666 W 12th Ave, Eugene OR 97440.

8. LVNV and Mc Gavic use the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

9. LVNV and Mc Gavic use the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

10. LVNV, represented by Mc Gavic, filed case number C084660CV (hereinafter, "the lawsuit") in Washington County in the state of Oregon against plaintiff on August 14th 2008.

11. The lawsuit was an attempt to collect a debt, allegedly stemming from a Sears National Bank credit account bearing the number 1150048853263 (hereinafter, "the debt") and allegedly owed to LVNV.

12. Paragraph 14 of the lawsuit requested "[t]he Court to expressly authorize Plaintiff, its agents, attorneys and assigns to contact Defendant, third parties, and other entities during

litigation and for collecting its judgment entered in this case for so long as this Account remains unpaid."

13. A default judgment was entered against Mr. Thornburg in the amount of approximately $8,029.

14. The debt was incurred by plaintiff and arose out of transactions in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

15. The last time plaintiff received credit or made a payment on the debt was sometime in February 2003 and more than 6 years from the time the lawsuit was filed.

**FIRST CLAIM FOR RELIEF**

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The attempt to collect the stale debt, which was well beyond Oregon's six year statute of limitations, through the lawsuit, is an unfair and deceptive practice and a violation of multiple provisions of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

18. Requesting authorization from a court to contact third parties to collect the debt is a violation of 15 U.S.C. § 1692e, 1692e(9) and 1692e(5).

19. As a result of each and every Defendants' violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

20. Actual damages to be determined pursuant to 15 U.S.C. § 1692k(a)(1).

21. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of actual damages to be determined pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Dated this 17th day of July, 2009

_____
Bret Knewtson, OSB 03355